UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON PERRY, | ) |
| Petitioner, | ) |
| v. | ) No. 1:18-cv-02125-JRS-MPB |
| WARDEN, | ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING ENTRY OF FINAL JUDGMENT**

Jason Perry's petition for a writ of habeas corpus challenges his conviction in a prison disciplinary proceeding identified as NCN 18-03-0002. For the reasons explained in this Entry, Mr. Perry's petition is **denied**.

**I. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

NCN 18-03-0002 is based on a conduct report written by Officer McCormick on February 26, 2018. Dkt. 14-1. According to the report, Officers McCormick and Ross were escorting Mr. Perry from the medical office to his cell on the afternoon of February 26. *Id.* When they reached Mr. Perry's cell, he "head butted" Officer McCormick in the face. *Id.* Officer Ross corroborated Officer McCormick's report in his own written statement, which states "Offender Perry headbutted McCormick." Dkt. 14-2.

On March 5, 2018, Mr. Perry received a screening report notifying him that he had been charged with battery in violation of Code A-102 of the Indiana Department of Correction's (IDOC) Adult Disciplinary Process. Dkt. 14-3. Mr. Perry requested the opportunity to review surveillance video of the incident. *Id.* The hearing officer denied that request for security reasons. Dkt. 14-5. However, the hearing officer prepared a written summary of the video, which states in relevant part, "Video shows Staff escorting offender Perry, Jason #138925 back to his cell when Perry head butted Officer McCormick and began fighting and resisting staff." *Id.*

The Court has reviewed video of the incident *in camera*. *See* dkt. 17. The video offers a clear view of Officers Ross and McCormick returning Mr. Perry to his cell. Mr. Perry's hands are cuffed behind his back, and the officers are walking side by side, just behind Mr. Perry. As they approach Mr. Perry's cell, Mr. Perry abruptly stops walking, plants his feet, bends his knees, and propels his head upward and to the left, striking Officer McCormick in the chin or lower jaw.

At a disciplinary hearing on March 14, 2018, Mr. Perry stated that he did not head butt Officer McCormick but rather tripped and fell into him while he was trying to talk to another inmate. Dkt. 14-9. Nevertheless, the hearing officer found Mr. Perry guilty of a less severe variation of battery in violation of Code B-212. *Id.* In reaching this conclusion, the hearing officer

considered staff reports, witness statements, the surveillance video, and pictures. *Id.* The hearing officer assessed sanctions, including the loss of 90 days' earned credit time and a demotion in credit-earning class. *Id.* Mr. Perry's disciplinary appeals were unsuccessful. Dkts. 14-10, 14-11, 14-12.

### III. Analysis

Mr. Perry asserts one ground for relief: "Denial of 24 hour notice of video review to prepare my case as this is a right." Dkt. 1 at 2. It is not clear to the Court whether Mr. Perry means he was not provided at least 24 hours' notice of his charges so he could prepare for his hearing, that he was wrongly denied video evidence, or both. Either argument is foreclosed by the evidence.

The record shows beyond dispute that Mr. Perry received notice of his charge at least 24 hours before his hearing. Mr. Perry received his screening report on March 5, 2018, and was told he would appear for a hearing within seven work days. Dkt. 14-3. It appears that prison staff originally intended to hold the hearing the following day. *See* dkt. 14-8. But later on March 5, 2018, Mr. Perry received an updated notice stating he would have his hearing by March 15, 2018. *Id.* Mr. Perry appeared for his hearing on March 14, 2018—nine days after he received notice of his charge. Dkt. 14-9.

Moreover, the hearing officer did not deny Mr. Perry due process by withholding the video from his review. Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780–81 (7th Cir. 2008).

The evidence Mr. Perry was denied does not undermine the hearing officer's finding of guilt. Rather, it reinforces that conclusion.

The video does not permit the conclusion that Mr. Perry tripped and fell into Officer McCormick. In fact, the video shows that Mr. Perry was walking in front of Officer McCormick until he stopped to attack him.

Indeed, the video supports the hearing officer's conclusion that Mr. Perry committed battery against Officer McCormick. The video shows Mr. Perry launching his body into Officer McCormick like an ice hockey player checking an opponent. Viewing the video would not have improved Mr. Perry's chances of acquittal.

As a final matter, the Court notes that Mr. Perry, in his reply, asks the Court to "update" his petition to include that he was denied "the other officers [sic] statement that was present." Dkt. 19 at ¶ 9. Mr. Perry did not raise the denial of an officer's statement as an issue in any of his administrative appeals, so he is barred from raising it here by procedural default. *Jackson v. Wrigley*, 256 F. App'x 812, 814 (7th Cir. 2007) ("To avoid procedural default, an Indiana prisoner challenging a disciplinary proceeding must fully and fairly present his federal claims to the facility head and to the Final Reviewing Authority."); *Moffat v. Broyles*, 288 F.3d 978, 981–982 (7th Cir. 2002) (holding that, because Indiana law does not provide for judicial review of prison disciplinary proceedings, § 2254(b)(1)'s exhaustion requirement demands that the prisoner present his claims at both levels of the administrative appeals process). And, in any event, "[a]rguments raised for the first time in a reply brief are waived." *Stechauner v. Smith*, 852 F.3d 708, 721 (7th Cir. 2017).

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. Mr. Perry's petition does not identify any arbitrary action

in any aspect of the charge, disciplinary proceeding, or sanctions that entitles him to the relief he seeks. Accordingly, Mr. Perry's petition for a writ of habeas corpus must be **denied** and the action **dismissed with prejudice**.

Mr. Perry's motion requesting an answer to his petition, dkt. [29], is **granted** insofar as the Court has issued this Entry. The motion is **denied** to the extent it seeks any other relief.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 6/26/2019

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JASON PERRY
138925
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov